AO 93 (Rev. 11/13) Search and Seizure Warrant                                                                                       AUSA Jonathan S. Kim, (815) 987-4451

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| In the Matter of the Search of: | Case No. **24MC00034** |
| The cellular telephone, further described in Attachment A | Ref No. 2024R01131 |

## SEARCH AND SEIZURE WARRANT

To: M. Sean McQuiston and any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of Illinois:

**See Attachment A**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**See Attachment B**

**YOU ARE HEREBY COMMANDED** to execute this warrant on or before January 2, 2025 in the daytime (6:00 a.m. to 10:00 p.m.).

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the issuing United States Magistrate Judge.

Date and time issued: December 20, 2024 at 11:10 am                                                              _____
                                                                                                                                                                  *Judge's signature*

City and State: Chicago, Illinois                                                                            BETH W. JANTZ, U.S. Magistrate Judge
                                                                                                                                                    *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No: | Date and Time Warrant Executed: | Copy of Warrant and Inventory Left With: |
|---|---|---|
| | | |

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

## Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF ITEM TO BE SEARCHED

The property to be searched is a Samsung Model #SM-S367VL (Galaxy J3 Orbit) smart phone bearing the phone number 331-216-8357 and IMEI number 352069102681748 (the "**Subject Phone**").

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1. Evidence, instrumentalities, fruits and contraband concerning violation of 18 U.S.C. § 1361 (injuring or depredating property of the United States); 18 U.S.C. § 1752(a)(1) (entering or remaining in restricted buildings or grounds), (a)(2) (disorderly and disruptive conduct in a restricted building or grounds), and (a)(4) (engaging in any act of physical violence in a restricted building or grounds); 40 U.S.C. § 5104(e)(2)(A) (entering or remaining on the floor of either House of Congress), (e)(2)(C)(i) (entering or remaining in a room in any of the Capitol Buildings set aside or designated for the use of either House of Congress, with intent to disrupt the orderly conduct of official business), (e)(2)(D) (disorderly or disruptive conduct in the Capitol Buildings), (e)(2)(F) (engaging in an act of physical violence in the Grounds or any of the Capitol Buildings), and (e)(2)(G) (parading, demonstrating, or picketing in a Capitol Building) (the "**Subject Offenses**") that have been committed by JOSHUA WINTON ("WINTON") and other identified and unidentified persons, as described in the search warrant affidavit, that constitute evidence of the **Subject Offenses**, as follows:

    a. Evidence of any conspiracy, planning, or preparation to commit **Subject Offenses**;

    b. Evidence concerning efforts after the fact to conceal evidence of **Subject Offenses**, or to flee prosecution for the same;

    c. Evidence concerning materials, devices, or tools that were used to unlawfully commit the **Subject Offenses**;

   d. Evidence of communication devices used in relation to the **Subject Offenses**;

   e. Evidence of the state of mind of WINTON and/or other co-conspirators, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation;

   f. Evidence concerning the identity of persons who either

     i. collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or

     ii. communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

   g. Evidence concerning planning to unlawfully enter the U.S. Capitol, including any maps or diagrams of the building or its internal offices;

   h. Evidence concerning unlawful entry into the U.S. Capitol, including any property of the U.S. Capitol;

   i. Evidence concerning the official proceeding that was to take place at Congress on January 6, 2021, *i.e.*, the certification process of the 2020 Presidential Election;

j. Evidence concerning efforts to obstruct, impede, or disrupt the official proceeding that was to take place at Congress on January 6, 2021, *i.e.*, the certification process of the 2020 Presidential Election;

k. Evidence concerning the breach and unlawful entry of the United States Capitol on January 6, 2021;

l. Evidence concerning the riot and/or civil disorder at the United States Capitol on January 6, 2021;

m. Evidence concerning the assaults of federal officers/agents and efforts to impede such federal officers/agents in the performance of their duties the United States Capitol on January 6, 2021;

n. Evidence concerning damage to, or theft of, property at the United States Capitol on January 6, 2021;

o. Evidence concerning awareness that the U.S. Capitol was closed to the public on January 6, 2021;

p. Evidence of the defendant's presence at the U.S. Capitol on or around January 6, 2021;

q. Evidence concerning the results of, challenges to, or questions about the legitimacy of the 2020 Presidential Election;

r. Evidence regarding travel to Washington, D.C. in or around January 2021, motive and intent for travel to Washington, D.C. in or around January 2021, the planning of travel to and activity in Washington, D.C. on or

3

about January 6, 2021, research about the U.S. Capitol, and mode of travel, travel expenses, and travel logistics on or about January 6, 2021.

  s. Evidence regarding the riot at the U.S. Capitol on January 6, 2021.

 2. Records and information—including but not limited to documents, communications, emails, online postings, photographs, videos, calendars, itineraries, receipts, and financial statements—relating to:

  a. Any records and/or evidence revealing WINTON'S presence at the January 6, 2021 riot;

  b. Any records, such as receipts for travel, which may serve to prove evidence of travel of to or from Washington D.C. from November, 2020 through January, 2021;

  c. WINTON's (and others') motive and intent for traveling to the U.S. Capitol on or about January 6, 2021; and

  d. WINTON's (and others') activities in and around Washington, D.C., specifically the U.S. Capitol, on or about January 6, 2021.

 3. Photographs, in particular, photographs of WINTON, co-conspirators, or events in Washington D.C. on January 6, 2021, which constitute evidence of the **Subject Offenses**.

 4. Evidence of relationships between members of a conspiracy, including evidence of identification and evidence of motivation to engage in the **Subject Offenses**.

## ADDENDUM TO ATTACHMENT B

The government's review of electronic storage media, including cell phones, already in its possession shall be conducted pursuant to the following protocol:

The government must make reasonable efforts to use methods and procedures that will locate those categories of data, files, documents, or other electronically stored information that are identified in the warrant, while minimizing exposure or examination of categories that will not reveal the items to be seized in Attachment B.

The review of electronically stored information and electronic storage media described in Attachment A may include the below techniques. These techniques are a non-exclusive list, and the government may use other procedures if those procedures are designed to minimize the review of information not within the list of items to be seized as set forth in Attachment B:

a. examination of categories of data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth in Attachment B;

b. searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth in Attachment B;

c. surveying various file directories and folders to determine whether they include data falling within the list of items to be seized as set forth in Attachment B;

d. opening or reading portions of files, and performing key word or concept searches of files, in order to determine whether their contents fall within the items to be seized as set forth in Attachment B; and

e. using forensic tools to locate data falling within the list of items to be seized as set forth in Attachment B.

Law enforcement personnel are not authorized to conduct additional searches for any information beyond the scope of the items to be seized by this warrant as set forth in Attachment B. To the extent that evidence of crimes not within the scope of this warrant appears in plain view during the government's review, the government shall submit a new search warrant application seeking authority to expand the scope of the search prior to searching portions of that data or other item that is not within the scope of the warrant. However, the government may continue its search of that same data or other item if it also contains evidence of crimes within the scope of this warrant.